THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY WILLIAMS and ANTWAN TAYLOR, Sr., as parents, natural guardians, and next best friends of ANTWAN TAYLOR, Jr., a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT ANTHONY HOSPITAL, SAINT ANTHONY HOSPITAL FOUNDATION, SAINT ANTHONY PHO, LLC, OBHG ILLINOIS, S.C., KARA GREELEY, M.D., and MICHELLE BUCCIERO, M.D., <br><br> Defendants. | No. 23 C 4733 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION & ORDER

On March 21, 2021, Mary Williams gave birth to a boy, Antwan Taylor, Jr., ("A.T.") at Saint Anthony Hospital in Chicago, Illinois. (Dkt. 12 ¶ 1). Shortly after his birth, A.T. was diagnosed with a severe brachial plexus injury that required operative treatment and extensive therapy. (Dkt. 1-1 ¶¶ 54–65). Alleging that these injuries were caused during A.T.'s delivery, on March 10, 2023, Mary Williams and Antwan Taylor, Sr. filed a complaint on behalf of A.T. in the Circuit Court of Cook County, Illinois alleging medical malpractice against Dr. Kara Greeley, M.D. ("Dr. Greeley"), among others. (Dkt. 1 ¶ 1). On July 21, 2023, the United States filed a notice of removal to federal court and of substitution of the United States as a defendant pursuant to 42 U.S.C. § 233. (*Id.* ¶ 2–4). The United States now moves to dismiss. For the following reasons, the United States' Motion to Dismiss [4] is granted and the case is dismissed without prejudice.

1

**BACKGROUND**

Mary Williams received routine prenatal care from several medical providers at Lawndale Christian Health Center ("LCHC") in Cook County, Illinois throughout her pregnancy. (Dkt. 1-1 ¶ 26). At her final prenatal office visit, LCHC scheduled Mary Williams for an induction of labor at Saint Anthony Hospital in Cook County, Illinois. (*Id.* ¶ 27).

On March 21, 2021, Dr. Greeley delivered A.T. at Saint Anthony Hospital. (*Id.* ¶ 1, 3–6). Dr. Greeley is a physician specializing in obstetrics and gynecology licensed in Illinois. (*Id.* ¶ 10, 12). Mary Wiliams faced complications during A.T.'s delivery, and shortly after his birth, A.T. was transferred to the Neonatal Intensive Care Unit ("NICU") at University of Chicago's Comer Children's Hospital for "observation and management of … shoulder dystocia" and seizure like activity. (*Id.* ¶¶ 36–48, 53–54). Between May and September 2021, A.T. saw neurosurgeon Dr. Tord Alden, who ultimately diagnosed A.T. with Horner's syndrome and "left pan-brachial plexus injury." (*Id.* ¶¶ 61–65). A.T. has since undergone extensive physical and occupational therapy, operative care, and treatment. (*Id.* ¶ 65).

Based on the belief that Dr. Kara Greeley's actions during delivery led to A.T.'s injury, on March 10, 2023 Mary Williams and Antwan Taylor, Sr. filed a suit against Dr. Greeley, Saint Anthony Hospital, and others in the Circuit Court of Cook County alleging medical negligence. (*Id.* at ¶¶ 144–148). On July 21, 2023, the United States substituted itself in the place of Dr. Greeley and removed the case to federal court pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233. (Dkt. 1).

In their notice of removal, the United States included a certification from the Attorney General, through the Department of Health and Human Services ("HHS"), stating that Dr. Greeley was an employee of LCHC, LCHC was a "deemed" a federal employee of the Public Health

2

Service pursuant to FSHCAA, and Dr. Greeley was acting within the scope of her federal employment with LCHC when she rendered services to Mary Williams and A.T. (Dkt. 1-2).

Now the United States moves to dismiss under 12(b)(1) and 12(b)(6) for Plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1364(b) and 2672, and for failure to state a claim. (Dkt. 4).[1]

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true and "draw[s] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). The Court "also consider[s] any documents attached to and integral to the complaint as part of the [plaintiff's] allegations." *Id.* The complaint's "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), must offer more than "labels and conclusions" or "a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, to survive a defendant's motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

At issue is whether 1) whether Dr. Greeley was acting within the scope of her employment for purposes of the FSHCAA when she delivered A.T. at Saint Anthony Hospital on March 21,

---

[1] The motion, which is based on Plaintiffs' failure to exhaust administrative remedies under § 2675(a) of the FTCA, is styled in part as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The Seventh Circuit treats the exhaustion requirement as a "condition precent" and thus a claim processing rule. *Smoke Shop LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). The Court will analyze the motion as one for failure to state a claim under Rule 12(b)(6). *See Houston v. United States*, No. 14 C 1042, 2015 WL 356798, at *1 (N.D. Ill. Jan. 23, 2015).

3

2021; and if so, 2) whether the Plaintiffs exhausted administrative remedies pursuant to the FTCA before filing the present suit.

### a. Scope of Employment

The FTCA is the "exclusive" remedy against the United States for personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *see* 42 U.S.C. § 233(a) (stating that the FTCA applies "to damage for personal injury . . . resulting from the performance of medical . . . functions").

When a federal employee is sued, the FTCA empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. 28 U.S.C. § 2679(d)(1), (2) (The "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."). The FSHCAA, like the FTCA, allows the government to remove from state court a medical malpractice action filed against a physician who is "deemed" to be a federal employee. *See* 42 U.S.C. § 233. Once a certification is made, "the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891–92 (7th Cir. 2007).

Here, the United States provided a certification from the Attorney General, through HHS, that LCHC is deemed a federal employee under 42 U.S.C § 233(c), Dr. Greeley was an employee of LCHC at the time of the incidents alleged in this case, and Dr. Greeley was acting within the scope of her employment. (Dkt. 1-2; Dkt. 4 at 1). Plaintiffs argue that 1) the Court cannot consider the certification on a motion to dismiss; and 2) despite the United States' certification, Dr. Greeley

was not acting within the scope of her federal employment when she delivered A.T. at Saint Anthony and thus this is not an FTCA claim

First, contrary to Plaintiffs' arguments, the Court's consideration of the Attorney General's certification does not convert the United States' motion to dismiss to a motion for summary judgment. "Taking judicial notice of matters in the public record need not convert a motion to dismiss into a motion for summary judgment." *Ennega v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Courts may take "[j]udicial notice of historical documents, documents contained in the public record, and *reports of administrative bodies*." *United States v. Chaparro*, 956 F.3d 462, 475 n.3 (7th Cir. 2020) (emphasis added).

Still, the Attorney General's certification regarding scope of employment is not conclusive and is reviewable by the federal courts. *Martinez v. Lamagno*, 515 U.S. 417 (1995). However, upon certification, the plaintiff "bears the burden of demonstrating" the certification was erroneous if challenged." *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991); *Houston*, 2015 WL 356798, at *2. In order to obtain limited discovery upon challenging the certification, a plaintiff must "alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment." *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003)).

Here, Plaintiffs argue that despite the certification, Dr. Greeley was not acting within the scope of her federal employment when delivering A.T. at Saint Anthony Hospital on March 21, 2021 and in order to determine this they must be allowed an opportunity to conduct substantial written and possible oral discovery, up to an evidentiary hearing. Plaintiffs fail to carry their burden because they do not specifically allege the factual basis on which they are challenging the certification. Instead, Plaintiffs simply argue that they have the right to challenge that certification,

5

and as such they are entitled to discovery on the subject. To support this proposition, Plaintiffs argue that they were not aware that Dr. Greeley was a federal employee and honestly believed that Dr. Greeley was an employee of Saint Anthony Hospital when she delivered A.T. (Dkts. 11-1, 11-2). These facts in no way relate to the elements considered in Illinois to determine whether an employee's actions fall within the scope of her employment.[2] Plaintiffs state that they had no way of knowing that LCHC and Dr. Greeley were deemed federal employees until they were informed by LCHC on May 25, 2023. However, even drawing all reasonable inferences in Plaintiffs' favor, it is clear they were on notice of Dr. Greeley's employment status: Mary Williams received all of her prenatal care at LCHC, a simple Google search of Dr. Greeley's name returns her LCHC profile, and the LCHC website clearly states it is a "FTCA Deemed Facility." Lawndale Christian Health Center Home Page, https://lawndale.org/ (last visited October 16, 2023); s*ee Woodson v. United States*, 990 F.3d 515, 523 (7th Cir. 2021) (stating defendants had no "duty to inform" plaintiffs of their federal status when the healthcare provider's website "disclosed its federal status and listed [the doctor] as one of its doctors"). Ultimately, "[m]embers of the medical malpractice bar should know enough to consult the [Public Health Service] website when approached by a prospective client." *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016); *Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013).

Therefore, Plaintiffs have not specifically or sufficiently alleged that their subjective belief that Dr. Greeley was not a federal employee for purposes of the FTCA when she delivered A.T. at

---

[2] If Plaintiffs had alleged facts challenging Dr. Greeley's scope of employment, this Court would apply Illinois state law. *Snodgrass v. Jones*, 957 F.2d 482, 484 (7th Cir. 1992). Illinois follows the Restatement (Second) of Agency, which states that an employee's conduct is "within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) is actuated, at least in part, by a purpose to serve the master." *Rodman v. CSX Intermodal, Inc.*, 405 Ill. App. 332, 336 (Ill. App. Ct. 2010) (quoting Restatement (Second) of Agency § 228 (1958)).

6

Saint Anthony Hospital entitles them to further discovery or puts the Attorney General's certification in dispute. As a result, the Court finds that pursuant to the certification, Dr. Greeley was acting within the scope of her employment when she delivered A.T., the case was properly removed, and the FTCA applies.

### b. Failure to Exhaust

Finding that Dr. Greeley was acting within the scope of her employment, if the Plaintiffs did not exhaust administrative remedies, then the United States' Motion to Dismiss would be appropriate. *Houston v. United States*, 638 F. App'x 508, 512 (7th Cir. 2016); *see* 28 U.S.C. § 2675(a)); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Smoke Shop, LLC*, 761 F.3d at 786–88 (finding that dismissal of the claims for failure to exhaust was appropriate once scope of employment was settled). The Court finds that Plaintiffs have failed to exhaust their administrative remedies, and as such, their claim in federal court is barred.

When a plaintiff sues an individual deemed a federal employee, her sole remedy lies under the FTCA. 42 U.S.C. § 233(a), (g). The exhaustion requirement is a cornerstone of the FTCA. No one may file a suit under the FTCA without first presenting his claim to the appropriate federal agency within two years after the claim accrues and then, if the agency denies the claim, file a lawsuit within six months of receiving the denial notice. 28 U.S.C. §§ 2401(b), 2675(a). Failure to comply with either requirement requires dismissal of the action. *Cf. McNeil*, 508 U.S. at 113; *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997); *Morales-Aguilar v. United States*, No. 19 C 5505, 2023 WL 2375064, at *2 (N.D. Ill. Mar. 6, 2023).

Plaintiffs initially filed in the Circuit Court of Cook County on March 10, 2023. Later, on July 5, 2023, they filed a complaint with HHS. Because HHS has not rendered a final decision on Plaintiffs' claim, nor has six months passed since their July 5, 2023 filing, Plaintiffs have not

exhausted their administrative remedies. Until HHS renders a decision or six months have elapsed from July 5, 2023, Plaintiffs cannot assert a claim on which a federal district court can grant relief.

Yet, the United States argues that "this suit—and any future suit—is untimely as to the United States" as the two-year statute of limitation bars Plaintiffs in any event. (Dkt. 4 ¶ 6); *Blanche*, 811 F.3d at 957–58 (citing 28 U.S.C. § 2401(b) (plaintiffs must present a claim "to the appropriate Federal agency within two years after such claim accrues"). Plaintiffs argue their claim accrued from either September 21, 2021 or May 25, 2023, the dates counsel received A.T.'s medical records or realized Dr. Greeley was a federal employee, (Dkt. 11 at 14), while the United States argues it is May 12, 2021, the date A.T. was first diagnosed with left pan-plexus brachial injury, (Dkt. 13 at 7). In any event, the Court finds that any issues regarding future suits are not ripe for determination at this stage. As a result, the Court will not address the date of claim accrual, the applicability of the FTCA's savings provision, or the equitable tolling doctrine at this time.

## Conclusion

For these reasons, the Court grants the United States' Motion to Dismiss for failure to state a claim upon which relief can be granted and dismisses the Complaint without prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands the case to the Circuit Court of Cook County. 28 U.S.C. § 1447(c); 28 U.S.C. § 1367(c). The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith.

Date: 10/30/2023

Virginia M. Kendall
United States District Judge